# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARIAN CHOJNOWSKI,

    Plaintiff,

vs.                                                            No. CIV   05-0787 JB/RHS

BENIPAL TRUCKING; HARVINDER SINGH;
PAUL MANAN d/b/a MANAN TRUCKING;
SMITH & SON TIRE CO.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Smith & Son Tire, Co.'s Motion for Second Extension of Deadline to Identify Experts and Deadline for Discovery, filed October 11, 2006 (Doc. 53)("Motion to Extend"). The primary issue is whether the Court should extend two discovery deadlines so that Defendant Smith & Son Tire Co. ("Smith") can inspect and test the trailer at issue in this case. Because the Court believes that Smith has shown good cause to extend these deadlines, the Court will grant this motion.

## FACTUAL BACKGROUND

Plaintiff Marian Chojnowski represents that, on or about April 24, 2005, she was a passenger in a tractor-trailer heading westbound on Interstate-40 near the 325 mile post in Quay County, New Mexico. See Complaint for Personal Injuries ¶ 8, at 2, filed July 19, 2005 (Doc. 1). Chojnowski states that Defendant Harvinder Singh was driving another tractor-trailer heading eastbound at the same location, and that Singh's trailer lost a set of wheels off the trailer's driver's side rear axle. See id. ¶ 7, at 2. She asserts that the wheel from Singh's tractor-trailer crossed the highway's median

and struck Chojnowski's vehicle, causing the driver to lose control of the tractor-trailer. See id. ¶ 8, at 2. Chojnowski alleges that, as a result of the accident, she sustained severe personal injuries. See id. ¶ 15, at 3.

Co-defendant Benipal Trucking ("Benipal") currently owns the trailer at issue in this case. See Motion to Extend ¶ 5, at 1. Smith represents, based on its information and belief, that the trailer is now based out of Indianapolis, Indiana. See id. ¶ 5, at 2. Benipal continues, however, to use the trailer in its business and the trailer is rarely in one location for more than a short period of time. See id.

**PROCEDURAL BACKGROUND**

The Court filed its initial pretrial report on March 22, 2006, scheduling all litigation deadline dates in this case, including the trial date. See Initial Pretrial Report, filed March 22, 2006 (Doc. 21). Neither Smith nor Manan Trucking were parties to the case at that time. See id. Chojnowski filed an amended complaint on April 21, 2006, adding Manan Trucking and Smith as defendants. See Amended Complaint for Personal Injuries, filed April 21, 2006 (Doc. 29).

On September 18, 2006, Smith filed its unopposed motion to extend the deadline to identify experts, as well as the deadline for discovery, by an additional thirty days. See Defendant Smith & Son Tire, Co.'s Unopposed Motion to Extend Deadline to Identify Experts and Deadline for Discovery, filed September 18, 2006 (Doc. 49). Smith based its motion on the fact that it had recently been added to the case as a new defendant, and needed additional time to identify experts and conduct discovery. See id. ¶ 4, at 1. Smith states that the primary purpose of the extension was to enable one of Smith's experts to conduct an inspection and testing of the trailer and wheels that are the subject of this lawsuit. See Motion to Extend ¶ 5, at 1.

No party opposed Smith's motion. The Court issued its order granting the motion on September 19, 2006. See Order Extending Deadline to Identify Experts and Deadline for Discovery, filed September 19, 2006 (Doc. 50). The Court's order established the deadline to identify experts as October 11, 2006, and the deadline to complete discovery as November 9, 2006. See id. ¶¶ 1-2, at 1.

Smith asserts that his counsel, working with Benipal's counsel, made several unsuccessful attempts to arrange for an inspection of the trailer before the current October 11, 2006 deadlines to identify experts and submit reports. Smith states that: "Benipal needs the trailer for its business[,] and cannot afford to take it out of service for an extended length of time and wait for the parties' experts and counsel to arrange an inspection around their schedules." Motion to Extend ¶ 5, at 2. Smith represents that it is still working with Benipal to establish dates amenable to all interested and necessary parties to conduct the inspection. See id. ¶ 6, at 2. Smith asserts that it believes the inspection will be completed within thirty days from its filing of this motion. See id. ¶ 7, at 2.

Smith requests that the Court extend the deadline for the Defendants to identify experts and the deadline for discovery by an additional thirty days. Specifically, Smith requests the Court to extend the deadline to identify experts to November 10, 2006, and the deadline to complete discovery to December 9, 2006. See id. ¶ 8, at 2. Smith, alternatively, requests that the Court calendar a new scheduling conference so that the Court can set new dates for all deadlines, including the trial date. See id. ¶ 11, at 2.

Smith states that Chojnowski, but no other party, opposes this motion. See id. ¶¶ 9-10, at 2. Chojnowski has not filed a response, and the deadline for her to file her response to this motion has passed. See D.N.M.L.R.-Civ. 7.6(a) ("A response must be served within fourteen (14) calendar days

after service of the motion."). On October 31, 2006, Smith filed a Notice of Completion of Briefing, noting that briefing on this motion is complete, and that Chojnowski had not filed a timely response, and soliciting a decision on the motion. See Notice of Completion of Briefing, filed October 31, 2006 (Doc. 57).

## ANALYSIS

Smith filed its motion on October 11, 2006. Chojnowski has not filed a written response, and the time for doing so has passed. Under rule 7.1(b) of the Court's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.L.R.-Civ. 7.1(b).

Nevertheless, despite Chojnowski's consent under the rule, the Court has independently reviewed the contents of the motion, and the circumstances of the case, to determine whether good cause exists to extend these deadlines. The Court believes that Smith has shown good cause. Smith was not an original party, yet seems to be working under the current deadlines without upsetting the entire schedule set for this matter.

Smith alternatively requests the Court to set a new scheduling conference for the purpose of setting new deadlines for all matters. Because the Court has granted the extensions requested, it need not set a scheduling conference. If, however, any of the parties desire or need a conference, they should call the Court's courtroom deputy, and one will be scheduled.

**IT IS ORDERED** that Defendant Smith & Son Tire, Co.'s Motion for Second Extension of Deadline to Identify Experts and Deadline for Discovery is granted. The deadlines for the Defendants to identify experts and for discovery are extended by an additional thirty days. The request for a scheduling conference is denied without prejudice to any party requesting one if one

is still needed or desired.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Turner W. Branch
Richard A. Sandoval
Branch Law Firm
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

R. Nelson Franse
Seth L. Sparks
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Harvinder Singh and Benipal Trucking*

Nathan H. Mann
Gallagher, Casados & Mann,
Albuquerque, New Mexico

    *Attorney for Defendant Paul Manan, Alias(es): dba Manan Trucking*

P. Scott Eaton
James D. McAlister
Eaton Law Office, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Smith & Son Tire Co.*